UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHEA PLETCHER | Case No. 3:21-CR-87-CCB-MGG |

## OPINION AND ORDER

Before the Court is Plaintiff Shea Pletcher's ("Mr. Pletcher") Motion to Vacate, Set Aside, or Correct Sentence. (ECF 46). Based on the applicable law, facts, and arguments, the Motion to Vacate, Set Aside, or Correct Sentence is **DENIED WITH PREJUDICE**.

**I.    RELEVANT BACKGROUND**

On September 15, 2021, Mr. Pletcher, a felon, knowingly possessed a shotgun that was not registered to him in violation of 18 U.S.C. § 922(g)(1). (ECF 1). On March 15, 2022, Mr. Pletcher pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF 22 at 3). Mr. Pletcher's signed plea agreement contained a waiver stating that:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or

> any postconviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255 . . ..

(*Id.* at 4). On June 22, 2022, the Court held a sentencing hearing for Mr. Pletcher where Mr. Pletcher was sentenced to 57 months imprisonment with two years of supervised release. (ECF 36). Judgment was entered on June 23, 2022. (ECF 39).

On July 24, 2023, Mr. Pletcher filed this Motion to Vacate under 28 U.S.C. § 2255 on the basis that Judge Reeves, from the Southern District of Mississippi, held that "felons can, under the Second Amendment, have the right to bear arms, thus rendering my charge, an 18 U.S.C. 922(g)(1), moot and unconstitutional as the firearm recovered in my vehicle was not used in any crime or illegal capacity." (ECF 46 at 2). Mr. Pletcher moved the Court to either modify his sentence "to a more reasonable sentence of in the range of 24 to 36 months," or vacate his conviction and release him from prison. (*Id.*)

II. ANALYSIS

To bring a habeas corpus petition under 28 U.S.C. § 2255, a federal prisoner must prove "that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir.1996). Relief is only available "in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013). According to Section 2255, a court shall grant a prompt hearing to determine the issues and make findings of fact and conclusions of law, "[u]nless the

motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255 (West).

In evaluating Mr. Pletcher's motion, the Court is mindful of the principle that district courts have a "special responsibility" to construe pro se petitioner's complaints or motions liberally. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Even with a liberal construction, Mr. Pletcher's claim must fail because of the plea agreement waiver. In Mr. Pletcher's plea agreement, he expressly waived his right to appeal his sentence on any ground or contest his sentence in a Section 2255 proceeding. (ECF 22).

The Seventh Circuit has upheld the validity of plea agreement waivers and will enforce such waivers unless the waiver was a result of ineffective assistance of counsel during plea negotiations or the waiver was not entered into voluntarily. (*See Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir.1999)). Mr. Pletcher has not alleged ineffective assistance of counsel or that the waiver was entered involuntarily. Therefore, Mr. Pletcher waived his right to appeal and contest his sentence and his Motion to Vacate must be **DENIED**.

Even if Mr. Pletcher was able to contest his sentence in a Section 2255 proceeding, his claim would still fail because the authority cited for his argument is not binding on this Court and the case was reversed by the Fifth Circuit. The Fifth Circuit held that the "district court erred when it held that § 922(g)(1) violates the Second Amendment." *United States v. Bullock*, 123 F.4th 183, 185 (5th Cir. 2024). Therefore, even if Mr. Pletcher could bring a claim under Section 2255, his claim would fail and his Motion to Vacate would be denied.

3

### III.   CONCLUSION AND CERTIFICATE OF APPEALABILITY

For the reasons discussed above, Mr. Pletcher's Motion to Vacate is **DENIED WITH PREJUDICE.** (ECF 46).

Pursuant to 28 U.S.C.A. § 2255 Rule 11, the Court must grant or deny a certificate of appealability. SECT 2255 Rule 11. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Mr. Pletcher to proceed.  Accordingly, the Court **DENIES** a certificate of appealability pursuant to Section 2255 Rule 11. SECT 2255 Rule 11.

SO ORDERED on April 2, 2025.

                                           /s/*Cristal C. Brisco*
                                           CRISTAL C. BRISCO, JUDGE
                                           UNITED STATES DISTRICT COURT